UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>Pack-O-Mach Corporation,<br><br>　　　　　Defendant. | Civil File No. _____<br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.　The Plaintiffs are James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.　As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor Agreement as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor Agreement. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor Agreement.

1

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant Pack-O-Mach Corporation ("Pack-O-Mach") is a Minnesota business corporation with the registered address of 7840 Elm Street Northeast, Minneapolis, Minnesota 55432. Pack-O-Mach is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by the Plaintiffs as Trustees and fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by 28 U.S.C. § 1331.

6. The Control Board and benefit funds are administered in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. At all times material herein, Pack-O-Mach agreed to be bound to the terms of a collective bargaining agreement between the Commercial division of the Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA") and the Sheet Metal Workers Local #10 ("Collective Bargaining Agreement") the terms of which are incorporated herein by reference, and made a part hereof.

9. Pack-O-Mach continues to be bound to the Collective Bargaining Agreement.

10. The Collective Bargaining Agreement requires Pack-O-Mach to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

12. The Collective Bargaining Agreement requires Pack-O-Mach to set calculate the amount due and owing for contributions on behalf of its employees and to submit the calculation to the Fund with Pack-O-Mach's monthly payment.

13. The Collective Bargaining Agreement requires Pack-O-Mach to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with its monthly payment.

14. The Collective Bargaining Agreement and the Trust Agreement require Pack-O-Mach to submit the report and payment to the Control Board by the tenth day of

the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

15. The Collective Bargaining Agreement and the Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

16. The Collective Bargaining Agreement and Trust Agreement state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

17. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

### COUNT I
### Breach of Contract /Failure to Remit Contributions-Report Amount Due

18. The Control Board re-alleges and incorporates by reference paragraphs 1-17 herein.

19. Pack-O-Mach breached the terms of the Collective Bargaining Agreement by failing to timely submit the remittance report and contributions for the month of September 2012.

20. Pursuant to the reports untimely submitted by Pack-O-Mach for the month of September 2012, $2,830.91 is due and owing for delinquent contributions.

21. Upon information and belief, Pack-O-Mach continues to employ individuals performing work covered by the Collective Bargaining Agreement for whom contributions will continue to become due on the tenth day of each month during the pendency of this litigation.

22. Every month, until this matter is resolved either through dismissal or judgment, Pack-O-Mach will be required calculate the amounts due and to remit payment for the fringe benefit contributions due per the hours disclosed pursuant to the Collective Bargaining Agreement.

23. If Pack-O-Mach fails to remit its calculation on or before the tenth day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Pack-O-Mach's employees.

24. In the absence of this Court's order as requested, the Control Board and its beneficiaries are without adequate remedy at law and will be subject to irreparable harm.

25. Pack-O-Mach should be enjoined from further refusal and failure to remit reports and contributions.

26. The Control Board has been damaged by Pack-O-Mach's breach of contract.

## COUNT II
## ERISA Damages

27. The Control Board re-alleges and incorporates by reference paragraphs 1-26 herein.

28. Liquidated damages of $566.18 are due and owing for the month of September 2012.

29. In the event contributions are found to be due and owing for any month throughout the pendency of this litigation, Pack-O-Mach is liable to the Control Board for liquidated damages pursuant to the terms of the Collective Bargaining Agreement and Trust Agreement for these months.

30. The Control Board is also entitled to liquidated damages under ERISA § 502(g), 29 U.S.C. § 1132(g).

31. Pack-O-Mach is liable for any attorneys' fees incurred and costs incurred by the Fund in the collection of contributions pursuant to the terms of the Collective Bargaining Agreement and Trust Agreement.

32. The Control Board is also entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Control Board is entitled to interest charges on unpaid contributions pursuant to the Trust Agreement.

34. Pack-O-Mach is also liable for interest charges on any unpaid contributions under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendant Pack-O-Mach Corporation as follows:

1. For an order entering judgment in favor of Plaintiffs and against the Defendant in the amount of $3,397.09 for contributions and liquidated damages for the month of September 2012.

2. For an order requiring the Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: November 1, 2012

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By _____
Carl S. Wosmek #300731
Amy L. Court #319004
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525

*Attorney for Plaintiffs*

640371.DOC